IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| BOB BAKER, )<br>  )<br>    Plaintiff, )<br>  )<br>       v. )<br>  )<br>THE WRIGHT EXPERIENCE, INC. )<br>  )<br>    Defendant. ) | 1:14cv1272 (JCC/MSN) |

**M E M O R A N D U M   O P I N I O N**

This matter is before the Court on Defendant The Wright Experience, Inc.'s ("Defendant" or "The Wright Experience") Motion in Limine to Exclude Testimony of Franklin Root. [Dkt. 21.] After hearing argument from counsel, the Court denied the motion from the bench at the motion hearing on May 7, 2015. This Memorandum Opinion details the Court's reasoning.

**I. Background**

Bob Baker ("Baker" or "Plaintiff") purchased a Curtiss JN4-D, an antique aircraft (the "aircraft"). (Compl. [Dkt. 1] ¶ 6.) At the time he purchased it, Baker knew the engine needed a complete overhaul in order to make the aircraft airworthy. (*Id.* ¶ 7.) In 2012, Banker contacted Ken Hyde ("Hyde") of The Wright Experience after seeing an advertisement in a national aviation magazine and inquired about the cost to restore the engine on

1

his aircraft. (*Id.* ¶ 9.) According to Baker, Hyde refused to provide a fixed price for the project, but instead quoted Baker an hourly labor rate of $55.00 plus costs. (*Id.* ¶ 10.) Baker agreed to the terms and in November of 2012 delivered the engine and fuselage from his aircraft to Hyde, as well as an additional engine to be used for spare parts. (*Id.* ¶ 11.)

From December 5, 2012 through June 6, 2014, Baker was billed $220,263.77 for repairs to the aircraft. (*Id.* ¶ 12.) He paid that entire amount to The Wright Experience. (*Id.*) By June 2014, the project had taken much longer than expected, was not yet completed, and Baker felt costs exceeded what he had anticipated. (*Id.*) On June 1, 2014, Baker advised The Wright Experience to stop all work on the project and return the aircraft and spare engine to Baker. (*Id.* ¶ 13.) Notwithstanding the stop-work instruction, Baker received an invoice for work performed from June 6, 2014 to July 1, 2014. (*Id.* ¶ 16.) The additional invoice totaled $78,759.75. (*Id.* ¶ 17.) Baker has refused to pay the invoice. (*Id.*) On June 24, 2014, Baker reclaimed the aircraft's fuselage. (*Id.* ¶ 18.) The Wright Experience still has possession of the engine and the spare and has refused to release them to Baker until Baker pays all amounts claimed to be due. (*Id.* ¶ 19.)

Baker has brought this lawsuit alleging three causes of action: (1) a declaratory judgment claim, stating that Baker

is not obligated to pay any of the invoices submitted after June 1, 2014 and directing The Wright Experience to return or make available the engine and the spare to Baker; (2) breach of contract for failing to repair and restore the aircraft in a timely workmanlike manner; and (3) violations of the Virginia Consumer Protection Act ("VCPA").  (*Id.* ¶¶ 22-42.)

There have been no dispositive motions in this case. This matter is set for a bench trial on May 18, 2015.  The Wright Experience has moved to exclude the testimony of Franklin Root, arguing that it is improper character evidence.  (Def.'s Mem. in Supp. [Dkt. 23] at 2.)  Having been fully briefed and argued, this motion is ripe for disposition.

## II. Analysis

Baker seeks to introduce the testimony of Franklin Root ("Root") at trial.  Root is a former customer of The Wright Experience who also believes he was overcharged for aircraft restoration work by Hyde and The Wright Experience.  (*See generally* Def.'s Mem. in Supp., Ex. 1 ("Root Dep.").)  According to Root, he entered into an oral contract with Hyde in 2005 to complete restoration work on his aircraft for less than $200,000.00.  (Root Dep. at 16-17.)  In 2007, when he realized that he had spent close to $415,000.00 and the project still was not completed, Root asked for a not-to-exceed price to finish the airplane, which Hyde gave him.  (*Id.* at 17, 20.)  In June

3

2009, work was suspended on the airplane by mutual agreement. (*Id.* at 28.)  Hyde stored Root's aircraft rent-free until October 2011.  (*Id.* at 28-29.)  Ultimately, Root recovered the aircraft and now has another individual working on finishing the restoration.  (*Id.* at 32.)  According to Root, for years he asked Hyde "for a breakdown of hours and parts and never got anything but summaries" so he could not verify charges on his bills.  (*Id.* at 29.)

The Wright Experience moves to exclude Root's testimony as improper character evidence, arguing that Root's testimony is not relevant or probative to the issues in this case and is offered to present another disgruntled customer in an attempt to bolster Baker's claims.  (Def.'s Mem. in Supp. at 3.)  Baker argues Root's testimony is "other act" evidence under Federal Rule of Evidence 404(b) and will demonstrate motive, intent, and absence of mistake necessary for the Court to find a willful violation of the VCPA and to rebut the anticipated defense that The Wright Experience's overbilling was the result of an innocent mistake by its bookkeeper.  (Pl.'s Opp. [Dkt. 29] at 1.)

The Federal Rules of Evidence prohibit the introduction of character evidence to prove that on a particular occasion the person acted in conformity with that trait.  Fed. R. Evid. 404(a).  The Rules also prohibit evidence of a crime,

4

wrong, or other act to prove a person's character in order to show that on a particular occasion a person acted in conformity with that character. Fed. R. Evid. 404(b)(1). However, Rule 404(b)(2) allows evidence that might otherwise be considered character evidence to be used for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident. Fed. R. Evid. 404(b).

One of Baker's claims seeks relief under the VCPA based on The Wright Experience's alleged fraudulent billing practices. The VCPA provides a private remedy when a supplier violates the Act. Va. Code § 59.1-204(A); *see also* Va. Code § 59.1-199 (listing prohibited practices). If the trier of fact finds that the violation of VCPA was willful, damages may be increased to an amount not exceeding three times the actual damages sustained, or $1,000.00, whichever is greater. Va. Code § 59.1-204(A). "The purpose of Code § 59.1-204(A) is to provide a penalty for intentional violations of the VCPA in addition to restitution for damages incurred. The General Assembly, nonetheless, did not mandate the imposition of such penalty, but left that decision to the discretion of the trier of fact." *Holmes v. LG Marion Corp.*, 521 S.E.2d 528, 532 (Va. 1999).

Root's testimony is admissible under Rule 404(b)(2) to show intent, an absence of mistake or accident, and knowledge on

Hyde's part to willfully violate the VCPA.  *See Montanile v. Botticelli*, No. 1:08cv716, 2009 WL 2378684, at *12 (E.D. Va. July 28, 2009) (finding plaintiff's prior fraudulent acts admissible under Rule 404(b)(2) to demonstrate plaintiff's intent under the VCPA).  Since intent is an issue for the VCPA claim, "prior activity showing a willingness to commit that act may be probative," even if that evidence may "tend also to show a character trait."  *Sparks v. Gilley Trucking Co., Inc.*, 992 F.2d 50, 52 (4th Cir. 1993) (holding that intent not necessary in determining negligence and even if intent were at issue, a speeding violation, which does not depend on any intent, would not be relevant).  Additionally, since this is a bench trial, there is not the same risk that a jury would use Root's testimony as evidence that because Hyde allegedly overbilled in the past, he overbilled here.  Therefore, the evidence does not need to be excluded under Rule 403, which requires the exclusion of relevant evidence if its probative value is substantially outweighed by unfair prejudice or confusion to the jury.  Accordingly, Root's testimony is admissible.

6

## IV. Conclusion

For the following reasons, the Court denied The Wright Experience's motion.  An appropriate order will issue.

|  |  |
|---|---|
| | /s/ |
| May 7, 2015 | James C. Cacheris |
| Alexandria, Virginia | UNITED STATES DISTRICT COURT JUDGE |